UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL ROBERT LOPEZ
CHAVIANO,

                       Case No. 2:26-cv-1668-KCD-NPM

         Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

         Respondents.

_____/

## ORDER

    Petitioner Raul Robert Lopez Chaviano is a Cuban citizen with a final order of removal. His path to that order runs through a criminal conviction. (Doc. 8-2.)[1] Immigration and Customs Enforcement ("ICE") apparently could not deport him at the time, so he was released on an order of supervision. After spending decades living in the community under supervision, Chaviano was returned to immigration custody on March 30, 2026. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, asking this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

### A. Substantive Due Process

Invoking the Fifth Amendment, Chaviano first claims that he has been detained beyond the bounds of what substantive due process allows. (Doc. 1 at 7.) The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

2

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

ICE took Chaviano into custody on March 30, 2026. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. Seemingly recognizing this, the habeas petition jumps to the burden-shifting framework, arguing that his removal is not likely. (Doc. 1 at 7.) But that argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is

3

presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Chaviano seemingly attempts another workaround. He asserts that the six-month reasonable detention period is cumulative, starting when his removal order became final back in 2009. (Doc. 1 at 7.) Using that calculus, the six-month period has long since passed.

That argument makes little sense. *Zadvydas* was aimed at the severe, physical deprivation of liberty that comes from sitting in a jail cell indefinitely. The Court "used the words 'detain' and 'custody' to refer exclusively to physical confinement and restraint." *Jennings*, 583 U.S. at 311. Against that backdrop, it is illogical to run a clock designed to prevent indefinite imprisonment while a person is out living freely in the community. "Because *Zadvydas* clearly involved *detention* of a petitioner during the presumptively reasonable period, it defies common sense to suggest that *Zadvydas* time can run while a petitioner is not in custody." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011). The six-month clock

4

measures actual lockup, not supervised freedom. *See Akinwale*, 287 F.3d at 1052 ("[I]n order to state a claim under *Zadvydas* the alien ... must show post-removal order *detention* in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." (emphasis added).)

## B. Procedural Due Process

As best the Court can tell, Chaviano also presses a procedural due process claim. But it's not entirely clear which process he failed to receive. He seems to argue that he was not provided an opportunity to contest his detention. Yet it isn't clear that Chaviano is entitled to a freestanding due process analysis at this time. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). So until that timer goes off, *Zadvydas* itself supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Chaviano's detention is barely out of the starting gate, he is not yet entitled to anything more.

5

### III. Conclusion

The habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Chaviano refiling a new petition should his current detention exceed six months and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 12, 2026.

Kyle C. Dudek
United States District Judge

6